UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Demale Rogers,                                    Case No.    1:14-cv-01881

        Petitioner

v.                                               MEMORANDUM OPINION
                                                       AND ORDER

Jason Bunting,

        Respondent


## BACKGROUND AND HISTORY

*Pro se* Petitioner Demale Rogers filed this Petition for a Writ of Habeas Corpus under 28

U.S.C.  2254.   Rogers was convicted in the Cuyahoga County Court of Common Pleas, having

pled guilty on February 23, 2004 to one count of murder.   He was sentenced on February 26, 2004,

to fifteen years to life in prison.    In his Petition, Rogers asserts two grounds for relief: (1) his

conviction was obtained in violation of the Fourteenth Amendment Due Process Clause "upon

which there simply exists no final appealable order, hence no judgment of conviction;" and (2) his

conviction was obtained in violation of due process where the state court fact-findings were

predicated on a conflicted record "saturated in prejudicial inaccuracies."    In essence, he claims that

he has no final judgment of conviction because the trial court placed a date stamp, not a time stamp,

on his indictment and his judgment of conviction.    He seeks release from prison.

Rogers was indicted on June 24, 2003, on one count of aggravated murder with a firearm specification and one count of having a weapon under disability.    He entered into a plea deal with the state in which he agreed to plead guilty to the lesser charge of murder.    The state agreed to dismiss the firearm specification and the charge of having a weapon under disability.    He was sentenced on February 23, 2004, to fifteen years to life in prison.

Rogers filed a direct appeal of his conviction on March 26, 2004.    He does not specify the grounds he attempted to raise in that appeal.    His appeal was dismissed on procedural grounds because he did not file the record.    He contends he filed an appeal of that dismissal to the Supreme Court of Ohio, but that appeal was denied on May 11, 2004.

Thereafter, Rogers did not file any appeals or post-conviction motions until 2012.    In February 2012, he filed a Motion for Amended Journal Entry and Re-sentencing in the trial court. The court denied that Motion and he appealed that decision to the Ohio Eighth District Court of Appeals.    In his sole assignment of error, he asserted that the trial court erred in denying his Motion because the indictment charging him with murder and the subsequent journal entry of conviction were never properly time stamped by the Clerk of Court.    He claimed that these documents contained a date stamp, not a time stamp, and therefore the trial court did not have jurisdiction to hear his case and his conviction was invalid.

The Court of Appeals affirmed the decision of the trial court on October 4, 2012.    The Court held the indictment was valid as it contained the signature of the grand jury foreman, and the date stamp of the Clerk of Court.    It also held that any defects in the indictment were waived by Roger's guilty plea.    With respect to the journal entry, the Court held that it contained all it needed to contain to be valid: (1) the fact of conviction; (2) the sentence; (3) the judge's signature; and (4) the time stamp indicating the entry upon the journal by the Clerk.    The Court also noted the journal entry was contained in the trial court's docket and was part of the record provided by the trial court for the appeal.

2

Rogers filed an appeal of this decision to the Supreme Court of Ohio on November 15, 2012.   He asserted one proposition of law: "Whether the systematic failure to properly file and journalize the charging instrument, and the judgment entry of conviction and sentence, both divest the trial court of jurisdiction and results in a void judgment thereby implicating due process."   The Supreme Court declined jurisdiction on February 6, 2013.

In November 2012, Rogers filed a Motion to Withdraw Guilty Plea.   He asserted: (1) his plea should be vacated because a finding of guilt had not been made in open court; and (2) and the trial court erroneously advised him during the plea colloquy that he would be subject to a mandatory period of post release control following the conclusion of his sentence.   The trial court denied the Motion on November 9, 2012.

Rogers filed an appeal of the denial of that Motion to the Ohio Eighth District Court of Appeals.   He asserted two assignments of error: (1) the trial court denied him due process and abused its discretion when it denied his Motion to Withdraw Guilty Plea; and (2) the trial court's failure to render a verdict or finding of guilt with respect to his plea denied him due process.   The Eighth District Court of Appeals affirmed the decision of the trial court on July 25, 2013. Specifically, the Court quoted the judgment of conviction in which the trial judge stated that Rogers had pled guilty and, as such, the court found him guilty.   The Court of Appeals found no requirement that the trial court make a separate finding of guilt when the defendant pleads guilty. Rogers also argued that his judgment of conviction was not valid because the entry lacked a time stamp.   The Court of Appeals indicated that this argument had been addressed in his second appeal, and Rogers was prevented by *res judicata* from asserting it a second time.   Finally, the Court of Appeals ruled that Rogers inexplicably waited eight and a half years to attempt to withdraw his guilty plea and the claims he used to support his Motion could and should have been asserted on direct appeal.   His ground for relief was barred by *res judicata*.

Rogers appealed that decision to the Supreme Court of Ohio on September 9, 2013.   He asserted two propositions of law: (1) whether the trial court abused its discretion thereby violating due process when it denied without a hearing the defendant's motion for leave to withdraw guilty plea; and (2) whether the trial court's failure to render a verdict or finding of guilt with respect to the underlying plea on the record implicates due process and results in a lack of a final appealable order. The Court denied jurisdiction on December 24, 2014.

Undeterred, Rogers filed a Motion for Issuance of Revised Judgment Entry in June 2013. He again raised the claims of a defective indictment and journal entry of conviction, and contended the trial court had not issued a final appealable order due to the lack of a time stamp on the journal entry.   The trial court denied the Motion.

Rogers filed an appeal of that decision to the Ohio Eighth District Court of Appeals.   He asserted two assignments of error: (1) the trial court denied him due process when it refused to issue a revised judgment entry because the original judgment entry did not comply with the filing requirements of Ohio Revised Code §§ 2303.08 and 2303.10; and (2) the failure to hold a hearing to determine the accuracy of records that were prejudicially conflicting denied him due process.   The Court of Appeals determined these were the same arguments Rogers raised in his second appeal. The appeal was denied as barred by *res judicata* on March 27, 2014.

Rogers appealed that decision to the Supreme Court of Ohio on April 21, 2014.   He asserted two propositions of law: (1) the official duties and responsibilities made obligatory of a Clerk of Court as defined in and under Ohio Revised Code § 2303.08 and § 2303.10 are mandatory and in the absence of strict compliance with those mandatory filing procedures in a criminal case there is no final appealable order as defined in Ohio Revised Code § 2505.02 and Ohio Crim. R. 32(C); and (2) where, as here, the record is inherently conflicted as to critical documents, pleadings, orders and judgment, a due process evidentiary hearing is required to ascertain facts to establish the

accuracy of the conflicted record, and especially so where life and liberty weigh in the balance.    The

Supreme Court declined jurisdiction on July 9, 2014.

**HABEAS PETITION**

Rogers has now filed the within habeas petition asserting two grounds for relief:

>1.    [His] conviction [was] obtained in violation of the federal
>Court's Fourteenth Amendment Due Process Clause, upon
>which there simply exists no final appealable order, hence no
>judgment of conviction.
>
>2.    [His] conviction [was] obtained in violation of due process
>where state court fact-findings were/are predicated on a
>conflicted record saturated in prejudicial inaccuracies.

(Doc. No. 1 at 16, 23).

In support of his first ground for relief, Rogers claims that both his indictment and his

judgment of conviction lack the requisite "time stamp" required by Ohio Revised Code §§ 2303.08

and 2303.10.    He contends that in a criminal case, the judgment entry will be considered a final

appealable order only if it contains: (1) the fact of the conviction; (2) the sentence; (3) the judge's

signature; and (4) a time stamp from the Clerk's office indicating that it has been entered on the

court's journal.    He asserts that the indictment must also contain a time stamp to be valid.    He

draws a distinction between a date stamp and a time stamp, and contends that neither his indictment

nor his judgment of conviction contain a time stamp.    The indictment contains a stamp stating the

date it was received for filing.    His judgment of conviction contains a stamp with the date of the

filing, but not the precise time of the filing.    He asserts his indictment is invalid and his judgment

of conviction is void.

His second ground for relief reiterates his argument concerning the time stamp and claims

the Ohio courts ignored the documents in the trial court's records and misinterpreted Ohio law

concerning date and time stamps.    He claims that the documents in his criminal case do not

contain time stamps and the appellate courts prejudicially misconstrued the documents to read them

5

as valid.   He contends that because the trial court never obtained jurisdiction over him due to a

faulty indictment, the journal entry of conviction could not be properly filed, and the doctrine of *res*

*judicata* would not apply.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28

U.S.C. § 2254, was signed into law on April 24, 1996, and applies to habeas corpus petitions filed

after that effective date.   *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S.

202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).   The AEDPA was enacted "to

reduce delays in the execution of state and federal criminal sentences, and 'to further the principles

of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362,

436 (2000)).   Consistent with this goal, when reviewing an application for a writ of habeas corpus

by a person in custody pursuant to the judgment of a State court, a determination of a factual issue

made by a State court shall be presumed to be correct.   *Wilkins v. Timmerman-Cooper*, 512 F.3d 768,

774-76 (6th Cir. 2008).   The Petitioner has the burden of rebutting the presumption of correctness

by clear and convincing evidence.   28 U.S.C. § 2254(e)(1).   A federal court, therefore, may not

grant habeas relief on any claim that was adjudicated on the merits in any state court unless the

adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

the United States; or (2) resulted in a decision that was based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d);

*Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically

different, opposite in character or nature, or mutually opposed" to federal law as determined by the

Supreme Court of the United States.   *Williams v. Taylor*, 529 U.S. 362, 405 (2000).   In order to have

an "unreasonable application of ... clearly established Federal law," the state-court decision must be

"objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

## IV. PROCEDURAL BARRIERS TO HABEAS REVIEW

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts

should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

8

To determine if a claim is procedurally defaulted the court must determine whether: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim.  *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.  *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).  If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Finally, a one-year period of limitation applies to filing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period begins to run from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; or (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.  28 U.S.C. § 2244(d)(1).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  A state post-conviction petition is "properly filed" and thus tolls the statute of limitations for filing a petition for habeas corpus when its "delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "time limits upon its delivery."  *Artuz v. Bennett*, 531

U.S. 4, 8 (2000).    Untimely motions are not "properly filed" and will not stop the one-year clock. *Id.*

Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.   Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under § 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control.    *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).    The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham–Humphreys*, 209 F.3d at 560-61. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim."    *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).    These factors are not comprehensive and not all of the factors are relevant in all cases.    *Turner v. Brunsman*, No. 1:09 CV 2770, 2011 WL 2433499 at *6 (N.D. Ohio Mar. 30, 2011). Whether equitable tolling is appropriate is a case-by-case analysis.    *Id.*    "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified."    *Allen v. Yukins*, 366 F.3d 396, 401-02, 404 (6th Cir. 2004).    The petitioner bears the ultimate burden of persuading the Court that he or she is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

Simply stated, a federal court may review only federal claims submitted in a timely habeas petition if those claims were evaluated on the merits by a state court.    An untimely petition or a

petition containing claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

ANALYSIS

While it appears on the face of the Petition that the one-year statute of limitations period may have expired seven years before Rogers attempted to file his first post-conviction motion challenging the time stamp on his indictment and judgment of conviction, the Court does not need to address this issue because the grounds he asserts are not cognizable in a federal habeas corpus petition.   Both of his grounds for relief in habeas are based on his contention that Ohio law requires an indictment and a journal entry of conviction to contain a time stamp, not a date stamp. He claims his documents contained a date stamp which denied him due process.   He also claimed that his conviction was obtained in violation of due process because the state court's record does not contain documents with time stamps and the state appellate court's refusal to acknowledge this as a defect in his conviction and sentence denied him due process.

Rogers's first claim has two parts.   First, he claims he was denied due process because his indictment was marked with the date it was "received for filing" by the Clerk of Court, but did not contain a stamp showing the time it was filed.   He asserts a date stamp is not a time stamp as required by Ohio Revised Code §§ 2303.08 and 2303.10 and his indictment was therefore not properly filed.   Second, he contends that the use of a date stamp instead of a time stamp to show the judgment of conviction was entered on the court's journal does not comply with Ohio Criminal Procedure Rule 32(c), Ohio Revised Code § 2303.08, or Ohio Revised Code § 2303.10, and is therefore not a final appealable order.   Although Rogers attempts to characterize these claims as violations of due process, they are simply challenges to the state court's interpretation of state law on the technical aspects of filing procedures.

With respect to an indictment, the Fourteenth Amendment's Due Process Clause is satisfied as long as "sufficient notice of the charges is given in some ... manner" so that the accused may adequately prepare a defense.  *Koontz v. Glossa*, 731 F.2d 365, 369( 6th Cir. 1984); *Williams v. Haviland*, 467 F.3d 527, 535 (6th Cir. 2006).   A state court indictment which "fairly but imperfectly informs the accused of the offense for which he is to be tried" does not give rise to a constitutional issue cognizable in habeas proceedings.  *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986); *see*, *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002) ("Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review.").   Here, Rogers is not claiming the indictment was so defective he did not have adequate notice of the charges against him.   Instead, he is claiming a date stamp on his indictment did not satisfy the time stamp requirements of Ohio Revised Code §§ 2303.08 and 2303.10 to evidence filing.   This is purely a question of state law, not a denial of due process.

Similarly, Rogers's claim that his judgment of conviction is not a final appealable order because it contains a date stamp not a time stamp does not implicate the Due Process Clause.   The Supreme Court of Ohio held that for a judgment of conviction to be a final order subject to appeal under Ohio Revised Code § 2505.02, it must contain (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.  *State v. Lester*, 130 Ohio St.3d 303, 306-09 (2011).   Rogers asserts that the time stamp means "time of day" under Ohio Revised Code § 2303.08 and § 2303.10.   The Ohio courts, however, have universally rejected this interpretation of Ohio law.   Instead, they point out that Ohio law traditionally speaks of time in terms of days passed, not hours.   *See State ex rel. Untied v. Ellwood*, 131 Ohio St.3d 37, 38 (2011) ( "[t]he applicable entries were all stamped with the date of filing,

[and]...[t]his is all that Ohio Revised Code §§ 2303.08 and 2303.10 require.").[1]    Rogers argues the Ohio courts misconstrued Ohio law.

Even if the state courts incorrectly interpreted state statutes, a mere error of state law is not a denial of due process.    *Hutchison v. Marshall,* 744 F.2d 44, 46 (6th Cir. 1984) (stating that it is "axiomatic that state courts are the final authority on state law" and that "[s]tate statutes mean what state courts say they mean") (citing *Gryger v. Burke,* 334 U.S. 728, 731 (1948)).    A state court's error in interpreting or applying its own law can form the basis of a federal due process claim only if that error rendered the trial that convicted the petitioner so fundamentally unfair as to have deprived him of due process in violation of the U.S. Constitution.    *See Id.* at 47; *Serra v. Michigan Dep't of Corrections,* 4 F.3d 1348, 1354 (6th Cir. 1993).    This is not the situation here.    The fundamental fairness principle has only been applied to fairness of the trial itself.    See *Hutchison*, 744 F.2d at 47. Rogers pled guilty to the charges against him and does not challenge the fundamental fairness of the criminal proceedings.    Instead, he claims his judgment entry of conviction is not a final appealable order because it contains a date stamp, not a time stamp.    This is purely a question of state law, not a denial of due process.

A federal habeas court sitting in review of a state-court judgment should not second guess a state court's decision concerning matters of state law. *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001); *see Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000) ("Principles of comity and finality equally command that a habeas court cannot revisit a state court's interpretation of state law, and in particular, instruct that a habeas court accept the interpretation of state law by the highest state court on a petitioner's direct appeal."); *Hutchison v. Marshall,* 744 F.2d 44, 46 (6th Cir. 1984) (stating that it

---

1   *See State v. Brown*, No. 14 MA 37, 2014 WL 7475234, at *2 -4 (Ohio App. 7 Dist. Dec. 29, 2014) (a time stamp does not need to contain the exact time of day the document was filed; a date stamp is sufficient); *State v. Ervin*, No. 100366, 2014 WL 1513996, at *2 (Ohio App. 8 Dist. Apr. 17, 2014)(A date stamp regarding when the clerk received the document for filing was sufficient to satisfy the time stamp requirement); *State v. Smith*, No. 99428, 2013 WL 3811212 at *1-2 (Ohio App. 8 Dist. July 18, 2013) (finding both a date stamp and a notation by the clerk that a document was "received for filing" were sufficient to afford notice that the documents were entered on the trial court's journal by the clerk).

is "axiomatic that state courts are the final authority on state law" and that "[s]tate statutes mean what state courts say they mean").    A claim based solely on an error of state law, therefore, is not redressable through the federal habeas process.    *Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998). It is especially inappropriate for a federal habeas court to set aside a state court's ruling on an issue of state law where, as in the present situation, the Ohio appellate courts on appeal have already found Rogers's claims pertaining to date stamps and time stamps to be meritless.    Rogers's grounds for relief challenging the Ohio court's interpretation of Ohio law on the technical requirements for filing documents is not cognizable in a habeas corpus petition.

Finally, Roger's second ground for relief is premised on his first ground.    He claims he was denied due process because the state court record contains an indictment and a journal entry with only date stamped documents and the state appellate courts refuse to acknowledge this as a fatal defect in his conviction.    This is simply rephrasing the first claim.    It is still based on the state court's interpretation of state law on the issue of filing and docketing entries.    It is not reviewable in habeas corpus.

## CONCLUSION

Having considered and examined Rogers's Petition to determine its legal viability, I conclude it does not contain any grounds for relief which are cognizable in a federal habeas corpus petition. For all the foregoing reasons, Rogers's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.    28 U.S.C. § 2253; Fed.R.App.P. 22(b). This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge